UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SWAPNA SANDESH SINHA, *et al.*,

    *Plaintiffs*,

  v.

ANTONY BLINKEN,
Secretary, U.S. Department of State,[1] *et al.*,

    *Defendants.*

No. 20-cv-2814 (DLF)

## MEMORANDUM OPINION & ORDER

Swapna Sandesh Sinha, an Indian citizen, and Strategism, a California corporation, petition for a writ of mandamus compelling the Secretary of State to adjudicate his visa application, citing "the delay in issuance (or refusal) of Plaintiff Sinha's visa." Compl. at 45, Dkt. 1. The Secretary has moved to dismiss the petition on the grounds that he has refused Sinha's application and thus Sinha's request is moot. *See* Defs.' Mem. in Supp. of Mot. to Dismiss at 11, Dkt. 13-1. For the reasons that follow, the Court will grant the Secretary's motion and dismiss the case for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

**I.   BACKGROUND**

   **A.  Statutory Framework**

The Immigration and Nationality Act (INA) allows employers to sponsor temporary, non-immigrant workers "in a specialty occupation" for an H1-B visa. 8 U.S.C. §§

---

[1] When this complaint was filed, Michael Pompeo was the Secretary of State. When Antony Blinken became Secretary, he was substituted pursuant to Fed. R. Civ. P. 25(d).

1101(a)(15)(H)(i)(b), 1184(a).  An employer begins this process by requesting "a certification from the Department of Labor that it has filed a labor condition application in the occupational specialty in which the alien[] will be employed."  8 C.F.R. § 214.2(h)(4)(i)(B)(1).  After receiving such a certification, "[t]he employer must file a petition with the [U.S. Citizenship and Immigration Service (USCIS)] for review of the services or training and for determination of the alien's eligibility for classification as a temporary employee or trainee."  *Id.* § 214.2(h)(1)(i).  This visa petition process must be complete "before the alien may apply for a visa."  *Id.*

Next, the alien must complete the actual visa application through the Department of State by applying at his local embassy or consulate.  *See Gomez v. Trump*, 485 F. Supp. 3d 145, 159 (D.D.C. 2020) (citing 9 FAM § 402.10; 8 U.S.C. §§ 1182, 1201(g)).  This typically includes an in-person interview that results in a grant or denial of the visa application.  *See* 8 U.S.C. §§ 1201(a)(1), 1202(h); 22 C.F.R. § 42.62.  Federal regulations provide that the consular officer "must issue the visa, refuse the visa, or . . . discontinue granting the visa."  22 C.F.R. § 41.121(a).  As applicable to the case at bar, a consular officer may refuse a visa under 8 U.S.C. § 1201(g) if it appears to him that the alien is "ineligible to receive a visa" or that the visa "application fails to comply with the" relevant legal requirements.  If the officer suspects fraud, he may notify USCIS for further investigation of the visa petition by that agency.  *See* Howard Decl. ¶ 5, Dkt. 13-2.

### B. Factual Background

Sinha, an Indian citizen living in New Delhi, is the chief executive officer and partial owner of Strategism, a California corporation and co-plaintiff here.[2]  Compl. ¶¶ 45–46, 51.  On September 23, 2019, Strategism filed a nonimmigrant petition on Sinha's behalf with USCIS, an

---

[2] For simplicity, this opinion refers to both plaintiffs, Sinha and Strategism, together as Sinha.

agency of the Department of Homeland Security that is not a party to this case. *See id.* ¶ 46. USCIS approved the petition for Sinha's nonimmigrant, temporary-worker (H1-B) visa on November 25, 2019. *Id.* A few months later, Sinha applied for the visa and interviewed with a consular officer at the embassy in New Delhi. *See id.* ¶ 72; Defs.' Mem. at 2–3. That day, the officer refused Sinha's visa application under § 221(g) of the INA for missing documentation and for suspected fraud. *See* Howard Decl. ¶¶ 4–5. Indirectly, Sinha admits he knew of this refusal when he left the interview by acknowledging that he received a "Form G221."[3] Compl. ¶ 72; *see* Defs.' Mem. at 3 n.5. Regardless, Sinha was aware of this refusal by August 2020. *See* Compl. ¶ 76.

After Sinha's interview and subsequent rejection, the consular officer informed USCIS of the suspected fraud. *See* Howard Decl. ¶ 5; Defs.' Mem. at 3 n.4. USCIS, in turn, began reconsidering Sinha's original petition that USCIS had granted Sinha in November 2019. Howard Decl. ¶ 5.

Sinha submitted the documents requested in his § 221(g) refusal letter to the embassy. Compl. ¶ 73. Despite his submissions, Sinha states that his visa-application status remained in "administrative processing." *See* Sinha Decl. ¶ 18, Dkt. 14-3. And according to Sinha, the visa-status website continued to list his application as "in process" until he filed this action. *See* Pls.' Opp'n to Mot. to Dismiss at 11, Dk. 14.

---

[3] This form is a letter that refuses a visa application under § 221(g) of the INA, 8 U.S.C. § 1201(g). First, it tells the recipient that his visa application has been refused for lack of information. Second, it asks for further documentation for administrative processing, *i.e.*, ongoing consideration of the application. *See* Compl. ¶ 73; *see also* Bureau of Consular Affs., U.S. Dep't of State, *Administrative Processing Information*, Travel.State.Gov, https://travel.state.gov/content/travel/en/us-visas/visa-information-resources/administrative-processing-information.html (last visited Sept. 29, 2021); *Nonimmigrant Visas*, U.S. Embassies & Consulates in India, U.S. Dep't of State, https://in.usembassy.gov/visas/nonimmigrant-visas (last visited Sept. 29, 2021).

At present, USCIS has not determined whether to revoke Sinha's petition. *See* Howard Decl. ¶ 5. Additionally, the visa-application status website, which is operated by the Secretary, lists his visa application as "refused," rather than "in process." *See* Defs.' Reply at 11, Dkt. 15 (citing Bureau of Consular Affs., *Visa Status Check*, *supra*).

## II.    LEGAL STANDARD

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a defendant to move to dismiss an action for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Federal law empowers federal district courts to hear only certain kinds of cases, and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). When deciding a Rule 12(b)(1) motion, the court must "assume the truth of all material factual allegations in the complaint and construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged, and upon such facts determine [the] jurisdictional questions." *Am. Nat. Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (internal quotation marks omitted). Nonetheless, the burden is on the plaintiff to establish subject-matter jurisdiction. *Arpaio v. Obama*, 797 F.3d 11, 19 (D.C. Cir. 2015). And the court "may undertake an independent investigation" that examines "facts developed in the record beyond the complaint" to "assure itself of its own subject matter jurisdiction." *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1107 (D.C. Cir. 2005) (internal quotation marks omitted). A court that lacks jurisdiction must dismiss the action. Fed. R. Civ. P. 12(b)(1), 12(h)(3).

Federal courts lack subject-matter jurisdiction to hear claims that are moot. *Conservation Force, Inc. v. Jewell*, 733 F.3d 1200, 1204 (D.C. Cir. 2013). "A case is moot when a party has already obtained all the relief that it has sought." *Schnitzler v. United States*, 761 F.3d 33, 37

(D.C. Cir. 2014) (internal quotation marks omitted).  Further, "the mootness doctrine requires a federal court to refrain from deciding [a case] if events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future."  *AstraZeneca Pharms. LP v. FDA*, 713 F.3d 1134, 1138 (D.C. Cir. 2013) (internal quotation marks omitted).

**III.    ANALYSIS**

Sinha lacks subject-matter jurisdiction because he already obtained the relief requested in his complaint.  That complaint asks the Court to command the Secretary of State to adjudicate Sinha's visa application.  *See* Compl. at 45.  But the Secretary has already done so—if not on the same day as Sinha's interview, then at least after Sinha filed this action.  *See* Defs.' Reply at 11 (citing Bureau of Consular Affs., *Visa Status Check*, *supra*); Howard Decl. ¶ 4.  The fact that Sinha's application has been finally adjudicated distinguishes this case from those on which he relies.  *See* Pls.' Opp'n at 23; Compl. ¶ 6 (collecting cases).

Sinha admits that immediately after his interview he received "Form G221," but he fails to mention that such a form *refuses* a visa application under INA § 221(g), 8 U.S.C. § 1201(g). He argues instead that this refusal letter was not a final adjudication.  *See, e.g.*, Compl. ¶ 26 ("Here, Plaintiff Sinha challenges Defendants' refusal to review and adjudicate his pending visa application and to reissue a visa.  He is not challenging an affirmative decision.").

Even if the Court assumes that the "Form G221" was not final adjudication, later action by the Secretary made clear that Sinha's application was adjudicated.  Accepting Sinha's contention as true, the visa-status website listed his application as "in process" *until* he filed this action.  *See* Pls.' Opp'n at 11.  But at some point thereafter, the website updated to what it says

5

today, "Refused." Such a change indicates a definitive adjudication. Therefore, this Court need not decide whether Sinha's § 221(g) refusal letter was a final decision.

Because Sinha now has the relief he seeks, his claim must be dismissed as moot. "[E]vents have so transpired that [a decision from this Court] will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future." *AstraZeneca*, 713 F.3d at 1138 (citation omitted). The Court need not analyze the reasonableness of any delay in adjudication, *see* Pls.' Opp'n at 15–20, because a writ of mandamus cannot provide relief for agency action that has been long-delayed but since-completed, s*ee Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 63–64 (2004) (explaining that mandamus is limited to "the ordering of a 'precise, definite act . . . about which [an official] had no discretion whatever,'" *id.* at 63 (quoting *United States ex rel. Dunlap v. Black*, 128 U.S. 40, 46 (1888))).

Sinha also conflates the administrative processing within USCIS with that in the Department of State. *See, e.g.*, Pls.' Opp'n at 22–23. Accepting as true his contention that his "underlying visa petition is pending determination for revocation under suspicion of fraud,"[4] *id.* at 22 (citing Howard Decl. ¶ 5), Sinha may not challenge any delay in that determination here. Visa petitions are reviewed by USCIS, an agency within the Department of Homeland Security, *see Vemuri v. Napolitano*, 845 F. Supp. 2d 125, 126–27 (D.D.C. 2012), and neither the Director of USCIS nor the Secretary of Homeland Security are parties to this case. This Court cannot order the Secretary of State to complete a review under another agency's purview.

---

[4] Sinha's related allegation that the defendants have implemented a policy of delaying visas under the guise of fraud, *see* Pls.' Opp'n at 25, is unsupported.

6

Finally, Sinha refers throughout his opposition to "additional grounds and recently revealed facts" that will be pled in an "Amended Complaint." Pls.' Opp'n at 8, 15, 22. It is well settled that a party cannot amend his complaint through motions briefing. *See Durand v. District of Columbia*, 38 F. Supp. 3d 119, 129 (D.D.C. 2014). Likewise, a claim that such an amended complaint will be forthcoming is no substitute for following the proper procedures for amending pleadings under Federal Rule of Civil Procedure 15(a).

### IV.    CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the defendants' Motion to Dismiss, Dkt. 13, is **GRANTED** for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1); it is further

**ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE**.

The Clerk of Court is directed to close the case.

**SO ORDERED.**

_____
DABNEY L. FRIEDRICH
United States District Judge

September 30, 2021